UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DYNOCOM INDUSTRIES, INC.,** | |
| **Plaintiff,** | C.A. No.: 23-12648 |
| v. | |
| **MAGICMOTORSPORT S.R.L.** | |
| **Defendant.** | |

**JOINT CASE MANAGEMENT STATEMENT PURSUANT TO LOCAL RULE 16.1**

Plaintiff Dynocom Industries, Inc. and Defendant Magicmotorsport S.R.L. have conferred regarding the matters listed under Federal Rule of Civil Procedure 16(b) and Local Rules 16.1 and 16.6 regarding patent cases, and respectfully submit this Joint Case Management Statement pursuant to the Court's Notice of Scheduling Conference (Dkt. 18).

**AGENDA OF MATTERS TO BE DISCUSSED**

The Court will hold a Scheduling Conference in this case on April 1, 2024 at 2:30 pm via video. This Joint Statement reflects the Parties' positions on the issues identified in Fed.R.Civ.P 16(b)Local Rule 16.1 and 16.6.

**Proposed Schedule**

The Parties jointly submit the following proposed schedule, which incorporates the topics contemplated by Fed. R. Civ. 16(b), Fed. R. Civ. 26, and Local Rule 16.6.

1. **Preliminary Disclosures**

    a. <u>Initial Disclosures</u>: Initial disclosures required by Fed. R. Civ. 26(a)(1) must be completed by April 12, 2024.

  b. <u>Automatic Patent-Related Disclosures</u>: By April 19, 2024, the patentee shall complete disclosures required under Local Rule 16.6(d)(1).

  c. <u>Preliminary Patent Disclosure Conference</u>: By May 10, 2024, the parties shall meet and confer pursuant to L.R. 16.6(d)(2).

  d. <u>Accused Infringer's Preliminary Disclosures and Production</u>: By May 31, 2024, the accused infringer shall complete the disclosures and production required by L.R. 16.6(d)(4).

2. **Amendments to Pleadings**.  Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after May 10, 2024.

3. **Claim Construction Proceedings**

  a. <u>Exchange Proposed Claim Terms to be Construed</u>: By June 21, 2024, the parties shall simultaneously exchange a list of claim terms to be construed and their proposed constructions. L.R. 16.6 (e)1.

  b. <u>Conference on Proposed Claim Terms</u>: By June 28, 2024, the parties shall confer to see if agreement can be reached on the construction of claim terms and the number of claims to be considered.

  c. <u>Joint Statement</u>: By July 5, 2024, the parties shall file a joint statement of the number of claims and terms to be construed pursuant to L/R. 16.6(e)(1)(D).

  d. <u>Opening Claim Construction Briefs</u>: By July 26, 2024, the parties shall simultaneously exchange and file opening claim-construction briefs.

  e. <u>Expert Claim Construction Testimony</u>: Any expert whose testimony is relied upon by a party to support claim construction must be made available for deposition by August 16, 2024.

  f. <u>Responsive Briefs</u>: By September 6, 2024, the parties shall simultaneously exchange and file responsive briefs.

  g. <u>Claim Construction Hearing</u>: The Court shall conduct a Claim Construction Hearing on or before December 10, 2024, or as soon thereafter subject to the convenience of the Court's calendar and pursuant to L.R. 16.6 (c)(2).

4. **Discovery Deadlines**

  a. <u>Final Fact Discovery Deadline</u>: Fact discovery must be completed by April 1, 2025.

    b.    <u>Expert Discovery Deadline</u>:  Expert discovery shall be completed by July 1, 2025.

5. **Dispositive Motions:**

    a.    Dispositive motions must be filed by October 1, 2025.

    b.    Oppositions to Motion for Summary Judgment must be filed by October 28, 2025.

    c.    Reply briefs must be filed by November 18, 2025.

6. A Joint Pretrial Memorandum shall be filed by January 1, 2026.

7. A Final Pretrial Conference shall be scheduled for January 15, 2026.

8. Trial shall be scheduled for February 2026.

    **II.**    **Discovery Limitations**

    A.    **Proposed Limits on Discovery.**  The limits of Local Rule 26.1(c) shall apply to party discovery in this case but are not applicable to expert discovery and nonparty discovery.  The parties propose that the presumptive limits of the Federal Rules of Civil Procedure apply to limit discovery.

    B.    **Electronically Stored Information.**  The parties agree to work together to use electronic discovery efficiently, and to limit it proportionally to the claims and defenses presented in this action. The parties will work cooperatively to agree on the form in which such electronic information will be produced.

    C.    **Protective Order.**  The Parties will submit a Proposed Protective Order no later than **May 1, 2024**, for the Court's consideration and entry. The parties agree that the Court should authorize the filing under seal of any documents containing confidential information.

    D.    **Service.**  The parties agree that service of all pleadings and other paper identified in Rule 5(a) of the Federal Rules of Civil Procedure shall be served by e-mail delivery, except for

voluminous items for which such service is impracticable, as well as through physical objects such as disks.

**III.   Other Matters**

- There are no pending motions.

- Pursuant to Local Rule 16.1(b)(3), the Parties do not consent to trial by Magistrate Judge at this time.

- Pursuant to Local Rule 16.1(d)(3), the Parties shall file their certifications separately no later than March 31, 2024.

Respectfully submitted by:

| Attorneys for Plaintiff | Attorney for Defendant |
| --- | --- |
| Dynocom Industries, Inc. | Magicmotorsport s.r.l. |
| | |
| /s/ Brendan M. Shortell | /s/ Mark R. Bagley (by permission) |
| Brendan M. Shortell (BBO# 675851) | Mark R. Bagley (*pro hac vice*) |
| Justin P. Tinger (BBO# 707807) | Tolpin & Partners, PC |
| Lambert Shortell & Connaughton | 30 North LaSalle Street, Suite 1510 |
| 100 Franklin Street, Suite 903 | Chicago, Illinois 60602 |
| Boston, MA 02110 | (312) 698-8971 |
| Main: (617)-720-0091 | mark@tolpinlaw.com |
| shortell@lambertpatentlaw.com | |

## CERTIFICATE OF SERVICE

I certify that I served the foregoing on counsel of record through the Court's ECF filing system March 25, 2024.

/s/ Brendan M. Shortell