IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DYNOCOM INDUSTRIES, INC., | |
| Plaintiff, | C.A. No.: 1:23-cv-12648 |
| v. | |
| MAGICMOTORSPORT S.R.L. | |
| Defendant. | |

## MOTION FOR LEAVE TO SUPPLEMENT PATENT DISCLOSURES

Pursuant to Local Rule ("LR") 16.6(d)(5), Plaintiff, Dynocom Industries, Inc. ("Dynocom"), hereby respectfully moves the Court for leave to supplement its Preliminary Patent-Related Disclosures. Before the filing of this motion, the parties conferred via e-mail, but no agreement was reached. Dynocom has good cause for making this request, and Defendant, MagicMotorSport S.R.L. ("MMS"), will not be prejudiced if the Court grants this motion.

On April 19, 2024, Dynocom served its Preliminary Patent-Related Disclosures on MMS, pursuant to LR 16.6(d). A true and correct copy of Dynocom's Preliminary Patent-Related Disclosures is filed herewith as **Exhibit 1**. On May 24, 2024, MMS served its first production of documents and things on Dynocom, which contained some non-public technical information about the accused product and shed new light on MMS's infringement. In view of this discovery, Dynocom respectfully requests leave of Court to supplement its preliminary infringement claim chart (Ex. 1, 4-8) with the additional infringement claim chart filed herewith as **Exhibit 2**. Unlike the preliminary infringement claim chart served on April 19, 2024, the supplemental infringement claim chart specifies which claim elements Dynocom may need to invoke the doctrine of

1

equivalents for, namely, the "two outwardly extending support arms, and arm locks" (Ex. 2, 3) and the "support feet assemblies" mounted to the support arms (Ex. 2, 4).

Pursuant to LR 16.6(d)(5)(C), good cause for supplementation exists when "nonpublic information about the asserted infringement" is revealed during discovery. Despite diligent efforts, Dynocom was unable to determine exact details of various components of the accused device before service of its first infringement claim chart; however, Dynocom's preliminary patent disclosures do state that "for each asserted claim, in the event that one or more elements is determined to not be literally practiced by Magic, they are infringed by Defendant under the *doctrine of equivalents*." Ex. 1, 3-4 (emphasis added). In other words, Dynocom's preliminary patent disclosures already state that the doctrine of equivalents may be at issue, and Dynocom's supplemental infringement contentions simply clarify which claim elements the doctrine may be invoked for.

MMS will not be prejudiced if Dynocom is allowed to supplement its preliminary disclosures because MMS has had notice since at least April 19, 2024 that Dynocom might need to rely on the doctrine of equivalents. In fact, MMS would be prejudiced if Dynocom were not allowed to supplement its preliminary disclosures, because it would not have access to Dynocom's complete infringement contentions. Based on the language of the preliminary disclosures, Dynocom could have waited until after claim construction to inform MMS exactly which elements of the accused product may be considered equivalents to Dynocom's patent claims. At this point, MMS might have already expended resources advocating for claim constructions that would have no chance of rebutting Dynocom's infringement claims under the doctrine of equivalents. If supplementation is allowed, at least MMS can attempt to rebut Dynocom's alternative theory of infringement.

WHEREFORE, Dynocom respectfully requests that this motion be granted because good cause exists under at least LR 16.6(d)(5)(C), and MMS will not be prejudiced.

| | |
|---|---|
| Date: July 22, 2024 | Respectfully submitted,<br><br>*Attorneys for Plaintiff*<br>Dynocom Industries Inc.<br><br>/s/ Justin P. Tinger<br>Justin P. Tinger (BBO# 707807)<br>Brendan M. Shortell (BBO# 675851)<br>Lambert Shortell & Connaughton<br>100 Franklin Street, Suite 903<br>Boston, MA 02110<br>Telephone: 617.720.0091<br>Facsimile: 617.7206307<br>tinger@lambertpatentlaw.com<br>shortell@lambertpatentlaw.com |

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, I caused a copy of the foregoing document to be filed with the Court's ECF filing system, which will cause an electronic notice to be sent to counsel of record.

Dated: July 22, 2024

/s/ Justin P. Tinger